UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SHARON L. FOSTER,

    Appellant,

  v.

BILL O. PATTERSON,

    Respondent.

CASE NO. CV04-1803C

ORDER

    This matter comes before the Court on Appellant Sharon Foster's appeal of the United States Bankruptcy Court's ruling discharging Respondent Bill Patterson's debt to Appellant (Dkt. No. 1). The Court has carefully reviewed the materials submitted by Appellant,[1] and, for the following reasons, hereby AFFIRMS the order of the United States Bankruptcy Court.

    On February 10, 2004, the Benton County District Court entered a judgment against Respondent and in favor of Appellant. In the action, Appellant and her granddaughter, Angela Boyd, claimed that Respondent's sale of a mobile home to Ms. Boyd violated several Washington laws. The court found that Respondent was liable and awarded Appellant $2,500, the amount Respondent received from Ms. Boyd for the home. Though it was Ms. Boyd who contracted with Respondent, the court entered the

---

[1] The Court notes that Respondent has not responded to Appellant's appeal.

ORDER – 1

judgment in favor of Appellant because she provided Ms. Boyd with the money for the purchase.

On March 15, 2004, Respondent filed for Chapter Seven Bankruptcy in the Bankruptcy Court. In the subsequent proceeding, Respondent sought to discharge his debt to Appellant. Appellant contested the discharge of the $2,500 debt, arguing at an August 2, 2004 hearing that the debt was not dischargeable because Respondent had obtained the money through fraud. Judge Thomas T. Glover dismissed Appellant's claim primarily on the ground that Appellant failed to prove that Respondent committed fraud. (Tr. of Bankr. Proc. at 30-2.) On August 18, 2004, Ms. Foster appealed the Bankruptcy Court's ruling to this Court.

The Bankruptcy code provides that certain enumerated debts may not be discharged through a bankruptcy proceeding. See 11 U.S.C. § 523(a)-(b).[2] The "discharge exceptions" provided for in the code are the only avenue through which a debt may not be discharged; the Bankruptcy Court may not use its equitable powers to create additional exceptions. In re Weir, 173 B.R. 682, 692 (Bank. E.D. Cal. 1994). In addition, a court construes discharge exceptions strictly against the objecting creditor and liberally in favor of the debtor. In re Hudson, 859 F.2d 1418, 1425 (9th Cir. 1988) (internal citation omitted).

One discharge exception is that the debt was obtained by false pretenses, false representation, or actual fraud. § 523(a)(2)(A). For this exception to apply, a creditor must prove the following elements by a preponderance of the evidence: (1) the debtor made a misrepresentation, (2) the debtor knew that the representation was false, (3) the debtor intended to induce the creditor into relying on the representation, (4) the creditor was justified in relying on the representation, and (5) the creditor's loss was created by the debtor's false impression. Grogan v. Garner, 498 U.S. 279, 286, 289-90 (1991); In re Tobin, 258 B.R. 199, 203 (B.A.P. 9th Cir. 2001).

---

[2] The Bankruptcy statute was amended by legislation signed into law on April 20, 2005. The new provisions apply to bankruptcies filed at least 180 days after its enactment. Bankruptcy Abuse and Consumer Protection Act, Pub. L. No. 109-8 (2005).

ORDER – 2

1    On appeal, the United States District Court gives great deference to the Bankruptcy Court's decision to deny a discharge objection. See FED. R. BANKR. P. 8001, 8018, 8013. Findings of fact made by the Bankruptcy Court, whether based on oral or documentary evidence, will not be set aside unless the findings are clearly erroneous. FED. R. BANKR. P. 8013. Furthermore, the District Court shall give due regard to the opportunity the Bankruptcy Court had to judge the credibility of witnesses. Id. Under this standard, a mere showing that the Bankruptcy Court could have reached another conclusion based upon the evidence presented is insufficient. In re Huntington Ltd., 654 F.2d 578, 583 (9th Cir. 1981).

On appeal, Appellant merely refiles the evidence she submitted to the Bankruptcy Court, identifies statements Respondent made during the hearing that she asserts are not true, and submits documents to support these charges of perjury. These filings do not address the Bankruptcy Court's finding that she did not meet her burden of production at the hearing. Thus, the Court finds that the Bankruptcy Court did not commit clear error in finding that Appellant did not meet her burden to prove the applicability of the fraud and misrepresentation discharge exception.

Accordingly, the Court hereby AFFIRMS the Bankruptcy Court's order.

ORDERED this 17th day of May, 2005.

UNITED STATES DISTRICT JUDGE

ORDER – 3